```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

CHERI SWEET,                      :
                                  :
        Plaintiff,    :      NO. 1:08-CV-00769
                                  :
   v.                           :
                                  :      **OPINION AND ORDER**
COMMISSIONER OF SOCIAL,           :
SECURITY,                         :
                                  :
        Defendant.    :

This matter is before the Court on the Magistrate Judge's December 1, 2009 Report and Recommendation (doc. 14), Defendant's Objections (doc. 15), and Plaintiff's Response (doc. 16). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and REMANDS this matter for an immediate award of benefits.

**I. Background**

Plaintiff, who has a history of neck and back pain, asthma, diabetes, carpel tunnel syndrome, post-tramautic stress syndrome, and depression, filed an application for disability insurance benefits and supplemental security income on October 21, 2004, alleging a disability onset date of October 1, 1995 (doc. 14). After Defendant denied her application initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), who rejected her applications on June 19, 2007 (Id.). Plaintiff requested review with the Social

Security Appeals Council, which denied further review (Id.). Plaintiff then appealed to this Court (Id.).

Plaintiff contends the ALJ erred in two respects in denying her application (Id.). First, she asserts the ALJ erred in determining her residual functional capacity ("RFC"), and second, the ALJ erred by failing to include all her impairments in his hypothetical to the vocational expert (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the record clearly establishes disability in this matter (doc. 14). The Magistrate Judge found Plaintiff's first assignment of error well-taken (Id.). Accordingly, the Magistrate Judge concluded the record adequately establishes Plaintiff's entitlement to benefits, and because there is no significant evidence to the contrary, this matter should be remanded for an award of benefits (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)). Defendant filed its Objections (doc. 15), and Plaintiff her Response (doc. 16), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and

2

Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a <u>de novo</u> determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." <u>Id.</u> The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id.</u>

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); <u>Smith v. Sec'y of Health & Human Servs.</u>, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993). The claimant has the burden of proving by sufficient evidence that he is entitled to a period of disability or disability insurance benefits ("DIB"). 20 C.F.R. § 404.1512(a). To show that claimant is entitled to DIB, she must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is

disabled, as defined in Section 423(d).  Plaintiff must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).

**A.   The Magistrate Judge's Report and Recommendation (doc. 14)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 14).  The Magistrate Judge then reviewed Plaintiff's first assignment of error, that the ALJ erred in determining Plaintiff's RFC, and found such assignment of error well-taken (Id.).  Based on such finding, the Magistrate Judge did not reach Plaintiff's second assignment of error (Id.).

Specifically, the Magistrate Judge found the ALJ failed to give proper controlling weight the opinion of the treating psychiatrist, Dr. Shubbs, who treated Plaintiff off and on since 1995, and regularly since 2005 (Id. citing 20 C.F.R. § 1527(d)(2)). Dr. Shubbs reported that Plaintiff had severe difficulties performing even unskilled work, and opined that Plaintiff would miss more than four days a month as a result of her impairments (Id.).  Instead of accepting Dr. Shubbs' report, the Magistrate Judge found, the ALJ adopted the opinion of the non-examining psychologist who reviewed one December 22, 2004 consultative exam

4

(Id.).  Such report was reviewed by two non-examining psychologists on January 20, 2005, well before Plaintiff resumed her treatment with Dr. Shubbs in April 2005 (Id.).  Accordingly, the Magistrate Judge reported, none of the records of Plaintiff's treating pyschiatrist generated from April 2005 through April 2007 were ever reviewed by any of the reviewing psychologists (Id.).  This means, stated the Magistrate Judge, that the conclusion that the opinions of the state agency psychologists who reviewed the overall record are reliable is in error, because they simply did not review the overall record (Id.).

Additionally, the Magistrate Judge found the ALJ failed to consider Plaintiff's inability to work an eight-hour day on a regular and continuing basis (Id.).  The record shows, reported the Magistrate Judge, that Plaintiff would miss more than four days a month because of her impairments, and therefore qualifies as disabled for inability to perform full-time work (Id. citing SSR 96-8p, 1996 SSR LEXIS 5, Criner v. Barnhardt, 208 F. Supp.2d 937, 956 n.21 (N.D. Ill. 2002)).

The Magistrate Judge concluded that the ALJ improperly weighed the medical evidence by failing to give controlling weight to Dr. Shubbs' opinion, and that the non-examining psychologist assessments, based on incomplete factual findings, could not constitute substantial evidence to overcome Dr. Shubbs' opinion (Id.).  The Magistrate Judge concluded that proof of disability is

strong and opposing evidence is lacking in substance, such that a remand would only result in the presentation of cumulative evidence and delay (Id.). Accordingly, the Magistrate Judge recommended the Court reject the Commissioner's nondisability finding as not supported by substantial evidence, reverse such finding, and remand this matter to the ALJ for an immediate award of benefits (Id.).

**B. Defendant's Objection (doc. 15)**

Defendant objects to the Magistrate Judge's Report and Recommendation, contending that the ALJ reasonably rejected Dr. Shubbs' "extreme" opinion and provided valid reasons for not giving such opinion controlling weight (doc. 15). Defendant argues Dr. Shubb's own treatment notes contradict his opinion on disability as he noted she was making progress in treatment and that some of her limitations, including social functioning and concentration, persistence and pace were only "moderate," while she only had "mild" limitation in daily living activities (Id.). Defendant argues further record evidence, including a report[1] from Butler Behavioral Health Services, Inc., showed it was reasonable for the ALJ to arrive at his conclusion regarding Dr. Shubbs' limitations (Id.). Because the record contained evidence contrary to that of the opinion of the treating physician, Defendant argues that a remand, and not an award of immediate benefits, would be the

---

[1] The report stated that Plaintiff was competent to care for her home and family, shop, drive, take public transport, and manage bills.

6

appropriate remedy (Id.).

**C. Plaintiff's Response (doc. 16)**

Plaintiff responds that Defendant's characterization of Dr. Shubbs' RFC limitations as "extreme" and unsupported by his own treatment notes is without merit (doc. 16). Plaintiff contends Dr. Shubbs' treatment from 2005 to 2007 included thirteen sessions, during which he noted persistent symptoms, including fatigue, nightmares, ADHD-related symptoms, racing thoughts, crying, suicidal ideation, irritability, problems being around people, and insomnia followed by hypersomnia (Id.). Plaintiff argues that though Dr. Shubbs may have noted progress at times, the fact that a claimant may have had symptom-free periods of time does not prove her ability to work on a sustained basis (Id. citing Andler v. Chater, 100 F.3d 1389, 1393 (8th Cir. 1996)(given the unpredictable course of mental illness, "symptom-free intervals and brief remissions are generally of uncertain duration and marked by the impending possibility of relapse")). Moreover, contends Plaintiff, her ability to perform limited and sporadic tasks does not mean she is capable of full-time employment (Id. citing Barker-Bair v. Comm'r of Soc. Sec., No. 1:06-CV-00696, 2008 U.S. Dist. LEXIS 27011, at *11 (S.D. Ohio April 3, 2008)).

Plaintiff argues remand would serve no purpose other than delay because Defendant fails to point to any evidence that properly discounts Dr Shubbs' opinion (Id.). Plaintiff contends

the Court should afford Dr. Shubbs' opinion controlling weight and award her benefits (Id.).

**D.  Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 14), and denies Defendant's Objections (doc. 15).

The Court agrees that the record establishes disability in this matter, because the ALJ should have accepted the treating physician's opinion as controlling.  Dr. Shubbs had a long treatment history with Plaintiff, and his opinion was supported by substantial objective medical evidence of repeated signs and symptoms of mental impairments.  Walker v. Sec'y of Health and Human Servs., 980 F.2d 1066 (6th Cir. 1992).  The Court agrees with the Magistrate Judge's conclusions that Dr. Shubbs' opinion constitutes substantial evidence that justifies an award of immediate benefits.  The evidence of the non-examining psychologists does not constitute a valid basis to overcome Dr. Shubbs' opinion as it is not based on the full record.  Evidence in the record shows both that Plaintiff could not perform work on a regular and continuing basis for a forty-hour work week, and that despite symptom-free intervals, her disabilities are substantial

enough to merit benefits.  The Court agrees with both the Magistrate Judge and the Plaintiff that a remand would result in nothing but delay, and therefore concludes that an immediate award of benefits is entirely appropriate.  Accordingly, this matter should be remanded for an award of benefits.  <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1041 (6th Cir. 1994); <u>Newkirk v. Shalala</u>, 25 F.3d 316, 318 (6th Cir. 1994); <u>Faucher v. Secretary of HHS</u>, 17 F.3d 171, 176 (6th Cir. 1994).

**III. Conclusion**

The record in this matter adequately establishes Plaintiff's entitlement to benefits and lacks significant evidence to the contrary.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 14), REVERSES this case pursuant to Sentence Four of 42 U.S.C. § 405(g), FINDS the decision of the Commissioner that Plaintiff was not entitled to a period of disability and disability income benefits beginning on June 1, 2003 NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, and REMANDS this case for an immediate award of benefits.

SO ORDERED.


Date: January 13, 2010   /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge