UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERI SWEET,  :
                                  :    NO. 1:08-CV-00769
    Plaintiff,    :

  v.                      :    **OPINION AND ORDER**

MICHAEL J. ASTRUE,    :
Commissioner of Social  :
Security,               :

    Defendant.    :

        This matter is before the Court on Plaintiff's Motion for Approval of Attorney Fees under the Equal Access to Justice Act ("EAJA"), Title 28 U.S.C. § 2412 (doc. 20) and Defendant's Response (doc. 21). Also before the Court is Plaintiff's Motion for Attorney's Fees (doc. 26) under the Social Security Act, 42 U.S.C. § 406(b), to which Defendant filed no opposition. For the reasons indicated herein, the Court denies Plaintiff's motion for EAJA fees but grants Plaintiff's request for fees under the Social Security Act.

**I.  Plaintiff's Motion for EAJA fees (doc. 20)**

        The Court entered an Order in favor of Plaintiff on January 13, 2010, reversing the Defendant's non-disability finding and remanding this matter for an award of benefits (doc. 18). On March 26, 2010, Plaintiff filed a motion seeking $3,738.08 for attorney services, costs, and expenses under the Equal Access to Justice Act ("EAJA")(doc. 20). In support of this motion,

Plaintiff has submitted an itemized fee statement of hours spent on this case, along with a Notice of Award from the Social Security Administration documenting the amount of past due benefits awarded and a copy of the contingent fee agreement between Plaintiff and counsel (Id.). Defendant has filed a Response in opposition (doc. 21) to Plaintiff's Motion, and Plaintiff has replied(doc. 24), such that this matter is ripe for the Court's consideration.

The EAJA is not an automatic fee shifting statute. No fee may be awarded under the EAJA if "the court finds that the position of the United States was substantially justified . . . " 28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if it could satisfy a reasonable person that it has a reasonable basis in law and fact. Damron v. Commissioner of Social Security, 104 F.2d 853, 855-856 (6th Cir. 1997).

The substantial justification standard is distinct from the substantial evidence standard which governs review of the merits of disability determinations. Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987). Furthermore, the government's position need not have been correct on the merits in order to be substantially justified under the EAJA. Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir. 1989), Couch v. Secretary of Health and Human Servs., 749 F.2d 359, 360 (6th Cir. 1984),(a finding which is

2

"not supported by substantial evidence is not equivalent to a finding that the United States was not substantially justified.")

Plaintiff contends it merits EAJA fees because the government's position is not substantially justified (doc. 20). However, Plaintiff grounds her theory in the Court having found the government's position unsupported by substantial evidence (Id.).

On April 12, 2010, Defendant Commissioner Social Security Administration filed an opposing response to Plaintiff's Motion stating that the government had substantial justification for its position (doc. 21).  Defendant argues the ALJ had a reasonable basis in law and fact for disputing Dr. Shubbs' opinion that Plaintiff should qualify as disabled (Id.).  In Defendant's view, the ALJ reasonably considered Plaintiff's treatment history with Dr. Shubbs and found that his opinion was not supported by his own treatment notes or the record as a whole (Id.).

In Plaintiff's Reply, Plaintiff asserts that the decision of the ALJ was not reasonable, and, therefore, not "substantially justified." (doc. 24). See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  As such, Plaintiff contends that he is entitled to EAJA fees in this case (Id.).

Having reviewed this matter and the record before it, the Court concludes that, in applying the "substantially justified" standard to the case at bar, the record supports a finding that

3

Defendant's position was substantially justified.  This was a close case as the government had a reasonable basis in law and fact for its position that Dr. Shubbs' opinion deserved little weight. The ALJ reasonably believed that Dr. Shubbs' opinion that Plaintiff had an inability to function was unsupported, because Plaintiff was capable of maintaining a wide array of daily activities.  Thus, Plaintiff is not entitled to EAJA fees.  Accordingly the Court hereby DENIES Plaintiff's Motion for Attorney Fees under the EAJA (doc. 20).

**II. Plaintiff's Motion for Fees Pursuant to 42 U.S.C. 406(b)**

In the second motion before the Court, Plaintiff's counsel is seeking $10,608.07, or twenty-five percent of the past due benefits awarded to his client (doc. 26).  In support of this motion, Counsel has submitted an itemized fee statement of hours spent on this case, along with a Notice of Award from the Social Security Administration documenting the amount of past due benefits awarded and a copy of the contingent fee agreement between Plaintiff and Counsel (Id.).  The Commissioner does not oppose the Motion (doc. 27).

Fee awards in actions for past due Social Security benefits are governed by 42 U.S.C. 406(b), which limits fee awards to a reasonable amount not in excess of twenty-five percent of the past due award.  Contingent fee arrangements under this section

4

must be reviewed by courts to ensure that they are reasonable under the circumstances of the case. Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The court may, for example, look to the character of the representation, the results achieved, and whether the fee would represent a "windfall" for the attorney (Id.).

In his Memorandum, Counsel has detailed the course of this litigation and his efforts in securing its outcome (doc. 26). Counsel's requested fee is roughly two-and-a-half times the average hourly rate for an attorney of his experience in the downtown Cincinnati area, but this does not represent a windfall due to the character of the representation of Plaintiff's claim over a long period of time and Counsel's experience and background as described in the motion (Id.).

Having reviewed Plaintiff's unopposed motion and attached memorandum (doc. 26), the Court is persuaded the requested award is reasonable and satisfies the requirements of 42 U.S.C. 406(b). Accordingly the Court finds Plaintiff's Motion for Attorney Fees well-taken and finds it appropriate to grant the requested award.

**III. Conclusion**

Having reviewed Plaintiff's motion pursuant to the EAJA (doc. 20), Defendant's Response (doc. 21), and Plaintiff's Reply (doc. 24), the Court is persuaded that the government's position was substantially justified under the EAJA. Having also reviewed

5

Counsel's unopposed motion for fees under the Social Security Act (doc. 26), the Court finds that the requested award is reasonable and satisfies the requirements of 42 U.S.C. 406(b).  Accordingly the Court DENIES Plaintiff's Motion for Attorney Fees under EAJA (doc. 20), but GRANTS Plaintiff's Motion for Attorney Fees under the Social Security Act (doc. 26), and AWARDS $10,608.07 in attorney's fees.


SO ORDERED.


Date: July 21, 2010        s/S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States District Senior Judge